

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 22  PM 4: 35

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| LYNETTE WILLIAMS | * | CIVIL ACTION NO. |
|---|---|---|
| VERSUS | * | SECTION " 05-2545 |
| HERBERT S. HILLER CORPORATION | * | MAGISTRATE " " |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND JURY DEMAND**     SECT. T MAG. 2

NOW INTO COURT, through undersigned counsel, comes Lynette Williams ("Ms. Williams") for a complaint against Herbert S. Hiller, stating that the following causes of action are based upon the Defendant's violations of federal law, via Title VII of the Civil Rights Act, as amended, and the employment discrimination law as follows:

**PARTIES**

1.

Ms. Williams, is a citizen of the State of Louisiana, and of the United States, and resides within the confines of the Eastern District.

2.

Defendant, Hebert S. Hiller Corporation, ("Hiller") is, upon information and belief, a Louisiana company authorized to do and doing business within the confines of the Eastern District of Louisiana.

___ Fee $250.
✓ Process___
X  Dktd___
___ CtRmDep___
___ Doc. No.___

## JURISDICTION AND VENUE

3.

Plaintiff asserts that jurisdiction is proper in this Honorable Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331, and jurisdiction is also proper as to violations of Louisiana Employment Discrimination Law pursuant to this Honorable Court's supplemental jurisdiction.

4.

Venue is proper in this Honorable Court pursuant to 42 U.S.C. § 2000(e)- 5(f)(3).

## FACTS AND ALLEGATIONS

5.

Ms. Williams is a Caucasian female who began her employment with Hiller in approximately May of 2003 as an Inside Sales Clerk.

6.

Ms. Williams worked at Hiller's location at 41 Commerce Point, Harahan, Louisiana.

7.

During her employment, Ms. Williams along with other employees at Hiller have been subjected to race-based hostile environment and hostile environment due to vulgarity from employee Charlotte Earls ("Ms. Earls").

8.

Ms. Williams specifically alleges that she has been subjected to a race based hostile environment and a hostile environment due to pervasive vulgarity insofar as: 1) she is protected from harassment based on her race and from harassing vulgar and offensive language in the workplace; 2) she was subjected to unwelcome harassment based on race and unwelcome workplace vulgarity that was offensive to her; 3) the harassment was based on her race and was offensive; 4) the harassment negatively affected the terms, conditions and privileges of employment, 5) defendant knew or should have known of the harassment, but failed to take prompt, remedial action.

9.

Ms. Earls is an African-American woman who has made numerous racially offensive comments to non African-American employees in the office.

10.

Ms. Williams specifically alleges that these statements have been pervasive and are severe. For example, on virtually a daily basis, Ms. Earls made the following types of statements to Plaintiff and in Plaintiff's presence: such as calling Ms. Williams a "stupid f__cking white girl; " referring to Dottie Daigle, ("Ms. Daigle") as that "stupid white girl."

11.

Ms. Earls also on a daily and pervasive basis interjected offensive comments into her speech in virtually every interaction with Plaintiff and other employees, such as:

"what the f–ck;" "that's f–cking stupid;" "I'll do it when I'm f–cking ready;" "when I get the f–cking time;" "I ain't f–cking superwoman."

12.

Ms. Earls also used vulgar language in front of a Hiller customer, Ed Smith ("Mr. Smith") of the Ansul Company.

13.

Ms. Williams reported these comments to Charles Illanne ("Mr. Illanne") on several occasions.

14.

Ms. Williams also specifically alleges that the following employees have also been subjected to the same comments on a daily basis – namely: Tommy Teraney ("Mr. Teraney") Inside Sales; Brenda O'Conner ("Ms. O'Conner"); Steve Kramer ("Mr. Kramer") Engineer; Scott Aucoin ("Mr. Aucoin"), Engineer; Phillip Becker ("Mr. Becker") Outside Sales; Dottie Daigle ("Ms. Daigle") former receptionist and Jason Markey ("Mr. Markey").

15.

Plaintiff specifically alleges that the above referenced employees also complained to management concerning the hostile environment and race-based harassment as alleged involving Ms. Earls.

16.

Ms. Williams specifically alleges that Defendant has failed to properly investigate complaints and to properly and institute reasonable remedial measures.

17.

As referenced above, Ms. Williams, and upon information and belief, other employees as referenced, have complained about race based harassing statements on the part of Ms. Earls all to no avail.

18.

Ms. Williams specifically alleges that her complaints included a complaint in late November 2004 to Mr. Illanne, and complaints to her immediate managers in January 2005.

19.

Ms. Williams specifically alleges, upon information and belief that Defendant has never reasonably investigated her complaints or the complaints of other employees as listed.

20.

Ms. Williams specifically alleges hostile environment and race-based harassment through the negligence theory of direct liability as Defendant knew or should have known that the referenced harassment was occurring but failed to institute any measures to stop it.

21.

Ms. Williams also alleges retaliation insofar as after complaining to Defendant's management, she was issued an unfair evaluation and then terminated on March 31, 2005.

22.

The aforementioned wrongful and unlawful treatment of Plaintiff by Defendant was in violation of Title VII of the Civil Rights Act, as amended, and in violation of the Louisiana Employment Discrimination Act due to hostile environment, race-based harassment and retaliation, as such, Plaintiff has suffered irreparable injury and monetary damages as a result of Defendant's discriminatory practices.

## COUNT ONE

23.

The aforementioned wrongful and unlawful treatment of Plaintiff by Defendant was in violation of Title VII, of the Civil Rights Act, as amended, and in violation of Louisiana Law prohibiting employment discrimination because it constitutes discrimination on race, hostile environment, and race-based harassment, and, as such, Plaintiff has suffered irreparable injury and monetary damages as a result of Defendant's discriminatory practices, and thus, Defendant is liable unto Plaintiff for:

A. Economic losses (including benefits);

B. Compensatory damages for mental anguish, humiliation, embarrassment, loss of enjoyment of life and medical expenses;

C. Prejudgment interest;

D. Attorney's fees;

E. Costs of these proceedings;

F. Punitive damages

G.    As well as injunctive relief enjoining defendant from interfering with plaintiffs' efforts to obtain future employment, and enjoining and permanently restraining these violations of law.

24.

Further, Defendant's unlawful treatment of Plaintiff herein has been with reckless indifference to her rights under Title VII or with malice, and, as such, Defendant is liable unto Plaintiff for punitive damages.

**COUNT TWO**

25.

Further, Defendant's conduct herein constitutes intentional infliction of emotional distress because Defendant knew or should have known that the cumulative effect of its actions as described herein would be substantially certain to cause extreme emotional distress to Plaintiff, and as such, is actionable under Louisiana Civil Code Article 2315, with Defendant liable unto Plaintiff for:

A.    Mental anguish, emotional distress, and physical illness;

B.    Humiliation and embarrassment;

C.    Loss of enjoyment of life;

D.    Medical expenses;

E.    Prejudgment interest;

F.    Attorney's fees;

G.    Costs of these proceedings; and

H.	Injunctive relief enjoining Defendant from interfering in Plaintiff's efforts in her current or future employment, and enjoining and permanently restraining these violations of Louisiana Law.

26.

Plaintiff reserves her right to supplement and amend this Complaint upon the discovery of additional facts.

27.

Plaintiff shows amicable demand to no avail.

## JURY DEMAND

28.

Plaintiff requests trial by jury on all claims.

WHEREFORE, Plaintiff, Lynette Williams, prays that Defendant, Herbert S. Hillard Corporation, be duly cited to appear and answer this Complaint and Jury Demand and, after due proceedings and legal delays, there be judgment herein in favor of your Plaintiff, and against Defendant, as detailed in the foregoing Complaint and Jury Demand and in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, reasonable attorney's fees, punitive damages and any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

**LAW OFFICE OF JAMES ARRUEBARRENA**

_____
James L. Arruebarrena (#22235)
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone (504) 581-7070
Facsimile (504) 581-7083

Attorney for Lynette Williams

**SERVICE VIA SUMMONS**

Hebert S. Hiller Corporation
*through its Agent for Service of Process:*

Anthony J. Stains, Esq.
Stains & Epling Law Firm
3500 N. Causeway Blvd., Suite 820
Metairie, LA 70002

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lynette Williams

## DEFENDANTS
Herbert S. Hiller Corporation

SECT. T MAG. 2

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Jefferson
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
JAMES L. ARRUEBARRENA
Attorney at Law
1010 Common St. Suite 3000
New Orleans, LA 70112
581-7070

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | LABOR | SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| | | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [X] 442 Employment / HABEAS CORPUS: | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | / [ ] 535 Death Penalty | | | [ ] 890 Other Statutory Actions |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS — Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

FMLA   ADA

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
[ ] UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 6/22/05

SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____